IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Gibbs, | ) C/A No.: 3:13-1391-MGL-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| PSI Inc., d/b/a Three Rivers Hospital; Detective Eric Russell, | ) |
| Defendants. | ) |

Frederick Gibbs ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He sues P.S.I., Inc., d/b/a Three Rivers Hospital ("Three Rivers")[1] and Detective Eric Russell ("Russell") of the Lexington County Sheriff's Department. This matter is before the court on Russell's motion for summary judgment [ECF No. 22]. The motion having been fully briefed [ECF Nos. 27, 28], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned on November 18, 2014, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Russell's motion for summary judgment [ECF No. 22] be granted.

---

[1] It appears that Three Rivers has never been served with this lawsuit. The undersigned recommends Three Rivers be dismissed pursuant to Fed. R. Civ. P. 4(m). This report shall serve as notice to Plaintiff.

I.      Factual Background

On April 20, 2010, Russell received information from the South Carolina Department of Social Services alleging that Plaintiff had engaged in sexual activity with a minor female. Russell Aff. ¶ 4.[2] The alleged victim had disclosed to Three Rivers that Plaintiff had entered her room and engaged in sexual intercourse with her on the night of April 3, 2010. *Id.* Video surveillance cameras captured images of Plaintiff entering the alleged victim's room, but did not capture any footage from inside the room. *Id.* at ¶ 5. A forensic interview of the alleged victim was conducted by an agent of the South Carolina Law Enforcement Division on May 21, 2010, and the alleged victim again described a sexual encounter allegedly perpetrated by Plaintiff. *Id.* at ¶ 7. Based upon the findings of the investigation, including the alleged victim's testimony, Russell applied for an arrest warrant for Plaintiff. *Id.* at ¶ 8. On May 28, 2010, an arrest warrant issued for Plaintiff for second degree criminal sexual conduct with a minor, and he was arrested pursuant to that warrant on June 3, 2010. *Id.* at ¶¶ 8–9. Ultimately, the charge against Plaintiff was dismissed by the Eleventh Circuit Solicitor's Office for "insufficient evidence for prosecution at this time." [ECF No. 27-7].

Plaintiff alleges that another patient at Three Rivers created a false rumor that Plaintiff and the alleged victim liked each other and that agents of Three Rivers perpetrated the rumor and added speculations of sex. Pl. Aff. at 2.[3] Plaintiff states that

---

[2] Russell's affidavit can be found at ECF No. 22-4.
[3] Plaintiff's affidavit may be found at ECF Nos. 27-1 at 2, 27-2. The undersigned notes that Plaintiff's affidavit does not state that it is based on personal knowledge or that Plaintiff is competent to testify on the matters stated as required by Fed. R. Civ. R.

the alleged victim initially denied the rumors, but with pressure from her therapist and Ms. Duposki, an employee of Three Rivers, was persuaded to give a false statement accusing Plaintiff of having sex with her on April 3, 2010. *Id*. Plaintiff alleges that Russell gave false information to a magistrate to obtain a warrant for Plaintiff's arrest including that: (1) there was sexual intercourse, (2) there were witnesses with statements, and (3) that the alleged victim's statement supported the charges. *Id*.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

56(c)(4). Plaintiff's characterization in his affidavit that the alleged victim's allegations of sexual abuse by her mother were "dubious" is not supported by evidence in the record before the court.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Fourth Amendment Claims[4]

To establish a claim for false arrest in violation of the Fourth Amendment, a plaintiff must show that the arrest was made without probable cause. *See Brown v.*

---

[4] Section 1983 actions premised on alleged unlawful seizure, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (analyzing the plaintiff's allegations of false arrest as a claim of unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Circuit has also held that a "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.*" Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000).

*Gilmore,* 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton,* 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir. 1996). Probable cause exists if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* at 36.

"Probable cause requires more than 'bare suspicion,' but requires less than evidence necessary to convict." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (internal citations omitted). Reasonable law officers need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinsky*, 942 F.2d 257, 264 (4th Cir. 1991). As a result, to prove an absence of probable cause, Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" he was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002). In considering Russell's motion, the court is required to view the facts in the light most favorable to Plaintiff. *Anderson*, 477 U.S. at 255.

An arrest made pursuant to a facially-valid warrant will not support a claim for false arrest/imprisonment under the Fourth Amendment. *See Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir. 1998) (holding that "a claim for false arrest may be considered only when no arrest warrant has been obtained"). Plaintiff was arrested pursuant to a warrant

5

[ECF No. 22-5 at 16], and he does not argue that the warrant was not valid on its face.

Plaintiff fails to make a sufficient showing that the warrant was fraudulently obtained. *See Miller v. Prince George's Cnty.,* 475 F.3d 621, 627 (4th Cir. 2007) (requiring a showing that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading"). A review of the Investigative File reveals that Russell reviewed the surveillance video showing Plaintiff entering the alleged victim's room for over a minute. He also reviewed the witness statements, including that of the alleged victim in which she alleges that Plaintiff had sex with her. [ECF No. 22-2 at 22]. He interviewed Plaintiff and scheduled a forensic interview for the alleged victim, in which she again alleged that Plaintiff has sex with her. *Id.* at 5–7. Under South Carolina law, the testimony of a victim need not be corroborated in prosecutions of criminal sexual conduct of a minor. *See* S.C. Code Ann. § 16-3-657. Based on his review of the records, Russell applied for a warrant and stated that the witness statements, forensic interview, and surveillance video supported the charges.

In his response, Plaintiff alleges Russell "knew the witness had no credibility, was in conflict with the evidence and made unsupported allegations before." [ECF No. 27 at 5]. However, Plaintiff fails to provide any evidentiary support for this contention. Plaintiff disagrees with the interpretation of the surveillance video that shows him entering the alleged victim's room for over a minute. Such disagreement falls far short of showing Russell acted deliberately or with a reckless disregard for the truth or made

material false statements in his affidavit, particularly in light of the forensic interview of the alleged victim.

Here, Russell had probable cause to obtain a warrant, as the alleged victim indicated that Plaintiff came into her room and had intercourse with her. Plaintiff fails to contest Russell's allegation that video surveillance supported the alleged victim's statement that Plaintiff went into her room. Russell obtained the warrant, and Plaintiff does not dispute that it was valid on its face. As to his claim for malicious prosecution, Plaintiff has failed to show that Russell did not have probable cause. South Carolina law provides that the testimony of a victim need not be corroborated in prosecutions of criminal sexual conduct of a minor. S.C. Code Ann. § 16-3-657. The undersigned recommends Russell be granted summary judgment on Plaintiff's Fourth Amendment claims.

    2.    State Law Claims

Russell asserts that he is not a proper party to the Plaintiff's purported state law claims pursuant to the provisions of the South Carolina Tort Claims Act, S.C. Code Ann., §§ 15-78-10, *et seq*. (the "Act"). The Act provides various immunities for employees of governmental actors. Chief among these immunities is the absolute immunity provided to individual employees contained within S.C. Code Ann. § 15-78-70. Pursuant to subsection 70(a), individual employees are not subject to suit as personal defendants for the alleged tort claims committed within the course and scope of their employment. Therefore, Plaintiff's state law claims fail, as he has not named or served the proper party for those purported state law claims.

Plaintiff argues that Russell was not acting within the course and scope of his employment because he was acting with "actual malice, intent to harm and malfeasance and other offenses." [ECF No 27 at 8]. Plaintiff has provided no evidence, besides his own speculation, that Russell acted with malice and was therefore acting outside of the scope of his employment. *See Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985) (finding a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another"); *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir.1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). The undersigned recommends Plaintiff's state law claims against Russell be dismissed because he cannot be sued in his individual capacity for actions taken in the scope of his employment.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Russell's motion for summary judgment [ECF No. 22] be granted.

IT IS SO RECOMMENDED.

July 22, 2015                                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).