IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frederick Gibbs, | ) | Civil Action No. 3:13-1391-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PSI Inc., d/b/a Three Rivers Hospital; Detective Eric Russell, | ) ) ) | |
| Defendants. | ) | |

Plaintiff Frederick Gibbs, ("Plaintiff"), brings the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling.

On July 22, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 30), recommending that this Court grant Defendant Russell's Motion for Summary Judgment. (ECF No. 22). The Report likewise recommends that the Complaint be dismissed as against Defendant PSI Inc. (d/b/a Three Rivers Hospital), pursuant to Fed. R. Civ. P. 4(m). See ECF No. 30 at FN 1. Plaintiff filed a timely Objection to the Report. (ECF No. 31). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objection.  The Court has undertaken this *de novo* review, even though Plaintiff's Objection consists almost entirely of restatements of arguments already advanced in prior filings coupled with inapposite legal citations and efforts to present alternate factual scenarios not supported in the record.  No where in Plaintiff's filing does he meaningfully counter the core legal conclusion of the Magistrate Judge's analysis, namely, the determination that Plaintiff's §1983 claim against his arresting officer must fail because the arrest was based upon a facially valid warrant and Plaintiff entirely fails to show that said warrant was obtained fraudulently or with reckless disregard for the truth.  Indeed, the clear record before the Court indicates that the warrant for which Defendant Russell applied was based upon two separate statements of Plaintiff's alleged victim, including a forensic interview, as well as supporting evidence in the form of a surveillance video.  Nor does Plaintiff provide any evidence or compelling argument in his Objection to support his additional contention that in obtaining the warrant Defendant Russell acted with malice or in such other manner as to be reasonably characterized as acting outside the scope of his employment, thereby rendering him subject to suit in his individual capacity under the South Carolina Tort Claims Act.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 30), overruling Plaintiff's

Objection. (ECF No. 31). Defendant Russell's Motion for Summary Judgment, (ECF No. 22), is thereby **GRANTED**. The Complaint is likewise dismissed as against Defendant PSI Inc., d/b/a Three Rivers Hospital, pursuant to Fed. R. Civ. P. 4(m), based upon Plaintiff's failure to serve said Defendant.

  **IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

August 11, 2015
Columbia, South Carolina